[No. 141.   Decided March 5, 1891.]

TURNER & JAY v. IOWA NATIONAL BANK.

INSOLVENCY — PREFERENCE OF CREDITORS.

Under the laws of this state, a debtor in failing circumstances may mortgage his entire property to secure *bona fide* debts to a portion of his creditors, and leave the debts due other creditors unsatisfied.

*Appeal from Superior Court, Kittitas County.*

Action to foreclose a chattel mortgage given by Lloyd & Co. to the Iowa National Bank to secure an alleged *bona fide* debt of $17,500.   Turner & Jay, who were judgment creditors of Lloyd & Co., intervened, claiming the mortgage to be void as to them, under the insolvency laws of Washington Territory.   Plaintiff's demurrer to the petition in intervention was sustained, and the intervenors refusing to plead further, judgment was given against them, from which ruling of the court, and the judgment thereon, intervenors appeal.

*L. A. Vincent,* for appellants.

The mortgage sought to be foreclosed, with other mortgages executed about the same time by Lloyd & Co. to other creditors, constituted an assignment for the benefit of creditors, and was void as such assignment because not made for the benefit of all their creditors.   *White v. Cotzhausen,* 129 U. S. 329; *Preston v. Spaulding,* 120 Ill. 208; *Kellog v. Richardson,* 19 Fed. Rep. 70; *Clapp v. Dittman,* 21 Fed. Rep. 15; *Perry v. Corby,* 21 Fed. Rep. 737; *Kerbs v. Ewing,* 22 Fed. Rep. 693; *Clapp v. Nordmeyer,* 25 Fed. Rep. 71; *Winner v. Hoyt,* 66 Wis. 227 (57 Am. Rep. 257); *Kendall v. Bishop,* 76 Mich. 634 (43 N. W. Rep. 645); *Straw v. Jenks,* 6 Dak. 414 (43 N. W. Rep. 941); *Chever v. Hays,* 3 Cal. 471; *Cohen v. Barrett,* 5 Cal. 196; *Groschen v. Page,* 6 Cal. 139; *Adams v. Woods,* 8 Cal. 153 (68 Am. Dec. 313); *Dana v. Stanford,* 10 Cal. 269.

*Pruyn & Ready,* for appellee.

A conveyance made by an insolvent debtor to a creditor to pay or secure an existing honest debt is not fraudulent, although the parties knew at the time that the effect of it would be to defeat the collection of other debts. *Dana v. Stanford,* 10 Cal. 269; *Gladwin v. Gladwin,* 13 Cal. 332; *Wheaton v. Neville,* 19 Cal. 46; *Walden v. Murdock,* 23 Cal. 551; *Lawrence v. Neff,* 41 Cal. 568; *Worland v. Kimberlin,* 6 B. Mon. 608; *Kennard v. Adams,* 11 B. Mon. 102; *Ingraham v. Grigg,* 13 Smedes & M. 22; *Bates v. Coe,* 10 Conn. 280; *Cooper v. First National Bank,* 40 Kan. 5 (18 Pac. Rep. 937). Preferences by failing debtors to particular creditors are not fraudulent. *Cribb v. Hibbard,* 77 Wis. 199 (46 N. W. Rep. 168); 4 Sand. 252; 15 Mo. 378.

The opinion of the court was delivered by

SCOTT, J.—Lloyd & Co. were engaged in the mercantile business, and, being considerably indebted to various parties, they executed mortgages to certain of their creditors to secure the amounts they were owing them respectively. The Iowa National Bank, having been so secured, began an action to foreclose the mortgage. Appellants Turner & Jay, being judgment creditors, and not secured, sought to intervene in said suit. Their petition in intervention alleges that Lloyd & Co. were indebted largely in excess of their ability to pay; that the mortgages aforesaid covered all of their property, and were all executed on the same day; and that the execution of such mortgages, under the circumstances, was in effect an assignment of their property for the benefit of the parties to whom the mortgages were made, and that it was fraudulent as to appellants. Appellants asked that the mortgage be adjudged void as to them, and the property held subject to execution for the satisfaction of their judgment. An execution had been

issued thereon, and returned *nulla bona* prior to said inter-
vention. The plaintiffs demurred to the petition on the
ground that it did not state facts sufficient to constitute a
cause of action. The court sustained the demurrer. There
is no law in this state to prevent a debtor, even though he
be in failing circumstances, from paying or securing a por-
tion of his creditors, so long as he does so in good faith,
although he should dispose of his entire property in that
way, and leave other debts unsatisfied. It is not disputed
that this mortgage, and also the others, were given for the
purpose of securing *bona fide* debts. There is no reason
in justice or equity why this particular mortgage should be
held void, and the mortgagee deprived of its security, in
order that the property may be made available to satisfy
the claim of these intervening creditors. The judgment is
affirmed.

ANDERS, C. J., and DUNBAR, HOYT, and STILES, JJ.,
concur.