[No. 2004. Decided September 26, 1896.]

HENRY HOWARD, *Appellant*, v. MRS. E. A. DEVOL, *Respondent.*

JUDGMENTS — ACTION TO DETERMINE PRIORITY OF LIENS — PLEADING.

In an action to have a deficiency judgment adjudged as a prior lien on other realty of the mortgagee defendants, upon which an unsecured creditor had obtained a judgment lien, the complaint is demurrable when it fails to state that the mortgagee defendants were insolvent, or that any execution had been issued against them for the deficiency upon the mortgage foreclosure judgment and returned unsatisfied.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Affirmed.

*Richardson & Williams,* for appellant.

*W. A. Lewis*, for respondent :

Plaintiff does not allege his execution has been returned unsatisfied in whole or in part, nor does he allege that the sheriff has returned the original execution and order of sale on which the mortgaged premises were sold. This is a necessary allegation. *Miller v. Miller*, 7 Hun, 208; *McCullough v. Colby*, 5 Bosw. 477; *French v. Willet*, 10 Abb. Pr. 99; *Forbes v. Waller*, 25 N. Y. 430; *Renaud v. O'Brien*, 35 N. Y. 99; *Page v. Grant*, 9 Ore. 116; *Thomas v. Mackey*, 3 Colo. 393; *Randolph v. Daly*, 16 N. J. Eq. 317; *McElwain v. Willis*, 9 Wend. 548. This rule is unchanged by the code. *Crippen v. Hudson*, 13 N. Y. 161. Plaintiff must show he has exhausted his legal remedy before resorting to a court of equity. *Dunlevy v. Tallmadge*, 32 N. Y. 457; *Adsit v. Sanford*, 23 Hun, 45; *Emery v. Yount*, 7 Colo. 107; *Renaud v. O'Brien*, 35 N. Y. 99; *Bomberger v. Turner*, 13 Ohio St. 263 (82 Am. Dec. 438); *Beardsley Scythe Co. v. Foster*, 36 N. Y. 565.

*Per Curiam.*— Plaintiff brought an action against W. A. Lewis and his wife to foreclose a mortgage upon real estate. He obtained a judgment therein and a sale of the property was had, but not enough being realized to satisfy the mortgage, he brought this action to have the judgment for the deficiency adjudged a lien upon certain real estate belonging to the defendants in the other action, prior to the lien of a judgment obtained against them by the respondent. The court sustained a demurrer to the complaint and the plaintiff has appealed.

We find it unnecessary to consider many of the objections urged against the complaint, as we are of the opinion that the demurrer was well taken, for the reason that the complaint failed to state that the de-

fendants Lewis were insolvent, or that any execution had been issued against them for the deficiency upon the mortgage foreclosure judgment, and returned unsatisfied. Before the plaintiff could attack the respondent's lien upon the premises in question, or ask that it be subjected to his lien, it was necessary for him to make one or the other of these allegations.

Affirmed.