[No. 10423. Department One.   October 7, 1912.]

RASMUS KONNERUP *et al., Respondents,* v. FRANK C. MILSPAUGH *et al., Appellants.*[1]

JUDGMENT—LIEN—WHEN ATTACHES—PRIORITY OVER SUBSEQUENT CONVEYANCES.   The lien of a judgment attaches from the date of entry, notwithstanding the pendency of a motion for a new trial; and the lien cannot thereafter be impaired by a voluntary conveyance by the judgment debtors, nor the title acquired under execution sale questioned by vendees of the judgment creditors who had notice of the judgment and failed to redeem.

EVIDENCE—PAROL EVIDENCE — DEEDS — DESCRIPTION — IDENTIFICATION OF PROPERTY—BONA FIDE PURCHASERS.   It is admissible to show by parol, to aid in the description of "Block 95, Edmonds" in a sheriff's deed, and to identify the property, that the "Plat of Edmonds" had no block 95, while there was such a block in the "Plat of the City of Edmonds," and no other block of that number within the corporate limits; and such description is sufficient to put *bona fide* purchasers upon inquiry.

[1]Reported in 126 Pac. 939.

Appeal from a judgment of the superior court for Sno-
homish county, Black, J., entered February 28, 1912, in fa-
vor of the plaintiffs, upon an agreed statement of facts, in an
action of ejectment. Affirmed.

*S. J. White,* for appellants.

*Robert Mulvihill* and *Gordon D. Eveland,* for respondents.

Crow, J.—This action was commenced by Rasmus Kon-
nerup and Anna Konnerup, his wife, against Frank C. Mils-
paugh, Millie Milspaugh, his wife, Bert Ernst and Cora
Ernst, his wife, to recover possession of real estate. From
a judgment in plaintiffs' favor, the defendants Milspaugh
and wife have appealed.

The action was tried upon an agreed statement of facts
as shown by a written stipulation filed herein, material por-
tions of which read as follows:

"2nd. That on the 28th day of June, 1909, plaintiffs
recovered judgment against Thomas Egers and Laura
Egers, his wife, and Bert Ernst and Cora Ernst, his wife,
in their favor, in the sum of one thousand and ninety dollars
($1090) and costs of suit, and the same was entered in the
records of the above entitled court, by which the same was
rendered, on the 30th day of June, 1909; that within the
time limited by law, the said Thomas Egers and Laura
Egers, his wife, and Bert Ernst and Cora Ernst, his wife,
moved the court for a new trial, . . . that on the 5th
day of March, 1910, said motion for a new trial came regu-
larly on for hearing in the above entitled court, and was
denied by said court; that no appeal has ever been taken in
said cause; that thereafter on the 6th day of June, 1910,
an execution was duly issued out of said court in said cause,
in pursuance of which execution the sheriff of Snohomish
county, Washington, levied upon the following described
property supposed to be situated in said county, to wit:
Lots thirty-three (33), thirty-four (34), thirty-five (35),
thirty-six (36), thirty-seven (37), in block ninety-five (95),
of Edmonds; that this description appears in the levy of
the sheriff returned into court, and the deed hereinafter re-
ferred to, and that no other description is given; that said

property was levied upon as the property of the defendants in said action; that thereafter, and on the 23rd day of July, 1910, after due and proper notice, as required by law, the said sheriff sold the said described property to the plaintiff herein Rasmus Konnerup, for the sum of $300, and which sale was, on the 6th day of August, 1910, duly confirmed by the above entitled court; that thereafter, and on the —— day of July, 1911, said property not having been redeemed from the said sale, the said sheriff made, executed and delivered to plaintiff, Rasmus Konnerup, a sheriff's deed for said described property.

"3rd. That, on the day of rendition of said judgment and until the 17th day of November, 1910, said defendants Bert Ernst and Cora Ernst, his wife, were legal owners of the following described property, to wit: Lots thirty-three (33), thirty-four (34), thirty-five (35), thirty-six (36), and thirty-seven (37) of block ninety-five (95), plat of the city of Edmonds, as the same appears of record in the office of the auditor of said Snohomish county, Washington, in which county said real estate is situate; that on said last named date, the said defendants, Bert Ernst and wife, in consideration of the sum of $1400 cash in hand paid, made, executed and delivered to defendants, Milspaugh and wife, their certain warranty deed, conveying to said defendants all their right, title and interest in and to said real property, and that said deed was, on the —— day of November, 1911, duly recorded in the office of the auditor of said county, and the grantees therein immediately went into possession of the same, and have ever since been, and now are, in possession of the whole thereof.

"4th. It is also agreed that, if the evidence is admissible as against defendants, Milspaugh and wife, there are two main plats in the city of Edmonds, and within its corporate limits, to wit, the 'Plat of Edmonds,' and the 'Plat of the City of Edmonds,' which are the official names thereof, and which are duly recorded as required by law; that there is no block 'ninety-five (95)' in the 'Plat of Edmonds,' but that there is such a block in the 'Plat of the City of Edmonds,' and further, that there is no other block ninety-five within the corporate limits of said city; and further, that block ninety-five (95) of Edmonds is by the people living in that vicinity understood to be and mean block ninety-five (95) of the plat

14—70 WASH.

of the city of Edmonds as the same is recorded in the office of the auditor of Snohomish county, Washington; that it was the intention of said sheriff to levy upon the lots in block ninety-five in the last named plat; that defendants, Milspaugh and wife, object to the introduction of this evidence on the ground that the same is irrelevant, immaterial and incompetent, in that parol evidence, by which it is agreed this only could be proved, cannot be introduced to identify property sold and conveyed under a judicial sale, or to add to a description given in a sheriff's deed, and that such description must be sufficient in itself to identify the property without the aid of extrinsic aid or proof. If this objection is not good in law, and should be overruled by the court, then it is agreed that such facts are proved for the purpose of this trial."

Respondents pleaded their title acquired under the judgment execution sale and the sheriff's deed, and as to the claim and possession of the appellants Milspaugh alleged:

"That said Bert Ernst and Cora Ernst, his wife, assumed to transfer to the defendant Frank C. Milspaugh the above described real property, by a deed dated the 17th day of November, 1909, and filed for record, in the office of the auditor of Snohomish county, Washington, on the 26th day of November, 1909; that said deed so executed by said Bert Ernst and Cora Ernst, his wife, to said Frank C. Milspaugh was, at the time of its execution inferior to the lien of the judgment of the plaintiff, Rasmus Konnerup, hereinbefore described, and as against said plaintiffs is null and void.

"That said defendants, Frank C. Milspaugh and Jane Doe Milspaugh, are now wrongfully in possession of said premises and wrongfully claim a right thereto, and, although often requested, have refused and still refuse to deliver up said premises to said plaintiffs."

There is an apparent discrepancy between the complaint and the stipulation as to the date of the deed from Ernst and wife to Frank C. Milspaugh. The former alleges that it was executed on November 17, 1909, while the latter stipulates that it was executed on November 17, 1910, which

would be after the execution sale. We accept the date stated in the stipulation, although the discrepancy is not material.

Appellants contend that this is an action to set aside the deed from Ernst and wife to the appellant Frank C. Milspaugh, on the theory that it was fraudulent and void; that the complaint and stipulated evidence in support thereof are insufficient to sustain the judgment, as they fail to allege or show that the judgment debtors were insolvent; that they had no other property to satisfy the judgment, or that an execution had been issued upon the judgment and returned *nulla bona.* In support of their position they cite *Wagner v. Law,* 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784; *Hamilton Brown Shoe Co. v. Adams,* 5 Wash. 333, 32 Pac. 92; *Samuel v. Kittenger,* 6 Wash. 261, 33 Pac. 509; *Howard v. Devol,* 15 Wash. 270, 46 Pac. 235; *Allen v. Chambers,* 18 Wash. 341, 51 Pac. 478; *McAvoy v. Jennings,* 44 Wash. 79, 87 Pac. 53. Although respondents, in the prayer of their complaint, ask that the deed from Ernst and wife to the appellant Frank C. Milspaugh be declared null and void and be canceled, it is apparent that the action based upon respondents' title acquired under the execution sale is one to recover possession. At the date of the entry of the judgment, Ernst and wife owned the real estate and held the record title thereto. Respondents therefore acquired and held a valid lien on the real estate from and after the entry of the judgment, although under § 431, Rem. & Bal. Code, execution could not issue until the motion for a new trial had been denied. The cases which appellants cite are not pertinent to the facts here shown, as in none of those cases did it appear that the debtors held the record title to the real estate at or subsequent to the date of the entry of the judgment. But it did appear that they had conveyed the record title to third parties prior to the entry of judgment or the levy of an attachment. Under the facts here presented, it appears that a valid judgment lien attached to the real estate while the judgment debtors held the record

title. Respondents' right as judgment creditors to enforce
that lien by execution and sale was not thereafter impaired
or destroyed by the judgment debtors voluntary conveyance
to Frank C. Milspaugh, even though such conveyance was
made for a valuable consideration and in good faith. Mils-
paugh took title subject to respondents' lien and acquired
no greater rights than the judgment debtors had.

"Where the lien of a judgment has once attached to land,
it cannot be divested by any voluntary alienation of the
property by the owner; but a purchaser from the judgment
debtor who has actual or constructive notice of the judgment
lien will take the estate charged therewith, to the extent of
the amount of the judgment as recorded at the time of his
purchase, . . . it is not in the power of the judgment
debtor to defeat or displace the judgment lien by conveying
or mortgaging the land, or repudiating the title or attorn-
ing to a third person." 23 Cyc. 1391, 1392.

Having purchased subject to, and with notice of, the judg-
ment lien, and having failed to protect themselves by re-
demption from the execution sale, appellants cannot at this
time question respondents' title acquired under the sheriff's
deed.

Appellants further contend that the trial judge erred in
overruling their objection to the introduction of parol evi-
dence (as set forth in the stipulation) in aid of the descrip-
tion written in the sheriff's deed. They insist that the de-
scription is insufficient; that it is not legal; that "Block 95
Edmonds" is not a subdivision known to the law, and that
it does not refer to any other source of knowledge by which
it can be explained. We find no substantial merit in these
contentions. The description is clear. It would seem that,
under the facts shown, no person of ordinary intelligence
could be misled by it or would be unable to locate and identify
the property conveyed. In *Ontario Land Co. v. Yordy*, 44
Wash. 239, 87 Pac. 257, this court in discussing the suffi-
ciency of a description, said:

"It is a well-established principle of law that a description in a deed, or other instrument affecting title to real estate, is sufficient if it affords an intelligent means for identifying the property, and does not mislead. In other words, if a person of ordinary intelligence and understanding can successfully use the description in an attempt to locate and identify the particular property sought to be conveyed, the description answers its purpose and must be held sufficient. Mr. Jones, at section 323 of his treatise on the Law of Real Property in Conveyancing, says: 'The first requisite of an adequate description is that the land shall be identified with reasonable certainty, but the degree of certainty required is always qualified by the application of the rule that that is certain which can be made certain. A deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it was intended to convey. The office of a description is not to identify the land, but to furnish the means of identification. The description will be liberally construed to afford the basis of a valid grant. It is only when it remains a matter of conjecture what property was intended to be conveyed, after resorting to such extrinsic evidence as is admissible, that the deed will be held void for uncertainty in the description of parcels.' "

Extrinsic evidence in aid of the description was competent and admissible to identify the property. It is manifest that the lots sold were in the city of Edmonds, and that there is only one block 95 within the territorial limits of that municipality. There can be no question as to the identity of the lots sold under the execution and conveyed by the sheriff's deed.

The judgment is affirmed.

Mount, C. J., Parker, Chadwick, and Gose, JJ., concur.