[No. 33474. *En Banc.* November 15, 1956.]

HARRY C. WHITE et al., *Respondents*, v. ANTHONY B. PAQUE et al., *Appellants*, DALISON D. WHITE et al., *Defendants.*[1]

*Greenwood & Shiers* and *Robert G. Presser*, for appellants.

*Harry H. Schlee, Roy A. Holland*, and *Merkel & Cook*, for respondents.

MALLERY, J.—This is an appeal from a permanent injunction restraining appellants, defendants below, from obstructing, interfering with, or contaminating the water systems of respondents as they now exist.

[1]Reported in 303 P. (2d) 524.

In 1903, the parents of respondents Harry C. White and Ethel M. Morris, plaintiffs below, and defendant Dalison D. White, acquired twenty acres of land near Port Orchard, which, thereafter, became the children's property as tenants in common. Prior to a partition of the property, six dwelling houses had been constructed and a one and one-half inch water pipe line installed, which supplied them with water from an ample spring on the south portion of the land.

On December 23, 1952, the tenants in common executed a "water agreement" intended to serve as a covenant running with the land, which would protect the right of the present and future owners of the different parts of the land to use water from the spring. It was recorded on January 23, 1953.

The appellants purchased the south third of the tract on a real-estate contract from defendant Dalison D. White. Thereafter, respondent Chester White put in a new three-inch water line to serve the north third of the property. It was first cross-connected to the old one and one-half inch main, from which appellants got their water. Unfortunately, this resulted in reducing the pressure in the old gravity system and deprived appellants of water. The connection was taken out upon the discovery of this unexpected effect upon appellants' water supply. Since then, the new system has been separately maintained.

The appellants have been restrained from further direct action, such as was provoked by their temporary lack of water.

The appellants contend that respondents violated the terms of the water agreement by putting in a separate new system using three-inch pipes. They contend the respondents' water rights are limited to the use of the old system and such repairs and replacements as may be made to it. Under the terms of the contract, they contend that pipes larger than one and one-half inches in diameter cannot be used. They seek to have the new three-inch line removed, or, in the alternative, to have the water agreement rescinded by reason of the alleged violation thereof.

The pertinent parts of the water agreement provide:

"AND WHEREAS the parties to this agreement anticipate that they will partition the said property into three parcels, each parcel to be separately owned by the parties hereto . . .

"AND WHEREAS the parties hereto desire that the owners of each parcel . . . , when the same shall be partitioned, shall have equal rights in the spring . . .

"2. That . . . spring of water . . . is now and shall forever remain appurtenant to the whole of the real property . . .

"3. In the event that the parties hereto . . . partition the property . . . the owners of each parcel . . . shall have an easement in common with the owners of each of the other parcels, after partition, in said spring . . . The easement shall include, *without limiting the generality of the foregoing*, the right to repair and maintain the existing water dam, water main and laterals thereto, and to replace the said dam, water main or any laterals thereto with a structure of pipe of similar size and dimensions . . .

"4. . . . the costs of the maintenance, repairs and re-placements . . . shall be borne equally by the owners of the several parcels after partition, and their successors in interest. . . . no owner of any parcel after partition shall have the right to replace any lateral with one of a greater size. . . .

"6. This agreement shall be binding on the heirs, assigns, administrators or successors in interest of these parties." (Italics ours.)

██ The respondents' rights can be determined by referring to paragraph three of the water agreement. Under it every parcel of land carved out of the original tract has an easement in the spring and the right to use water therefrom, and this includes, by necessary implication, the right to run water pipes to the spring. There is an additional right granted by the contract to take water from the old water system. If this is done, the cost and manner of doing so is prescribed by the contract.

██ These different rights of means to obtain water are independent of each other. The respondent Chester White is not served by the old water system. His rights, therefore, are not governed by the terms of the agreement pertinent to it.

Except for the temporary inconvenience, the appellants were not aggrieved by the installation of the new three-inch water system, and they have no right to remove it.

The judgment is affirmed.

ALL CONCUR.

February 1, 1957. Petition for rehearing denied.