[No. 33720. Department Two. May 16, 1957.]

THOMAS E. ERDMANN *et al., Respondents,* v. HOWARD B. HENDERSON *et al., Appellants.*[1]

*A. J. Hutton,* for appellants.

*Merrill Wallace,* for respondents.

PER CURIAM.—Prior to 1939, plaintiffs owned a tract of land. The trial court found that plaintiffs

" . . . by inheritance, purchase and easement, secured possession and ownership of all the water system lying within the boundaries of the Sutherland estate."

In 1939, plaintiffs sold a portion of the tract to Louis J. Brautlacht. The parties entered into an agreement that (a) recognized plaintiffs' ownership of the water system located on plaintiffs' land and (b) permitted Mr. Brautlacht

[1] Reported in 311 P. (2d) 423.

" . . . to connect with said water system and to take therefrom sufficient water for domestic use of *one* dwelling house through a supply pipe not exceeding one inch in diameter . . ." (Italics ours.)

Plaintiffs' deed conveyed an undivided one-seventh interest "in that certain claim of water right filed October 11, 1913," together with the right to attach to the existing water system in accordance with the written agreement. June 30, 1949, the parties entered into an amended agreement that permitted water for *two* dwelling houses.

Defendants now own all of the property formerly owned by Mr. Brautlacht. Although they had actual and constructive knowledge of the water agreements, they built a *third* house upon their property and furnished it with water from plaintiffs' water system.

The judgment entered (a) quieted plaintiffs' title in the existing water system against all claims of defendants, except those rights established by the 1939 and 1949 water agreements; (b) decreed defendants to be the owners of an undivided one-seventh interest in the water right appurtenant to the ten acre tract known as the Sutherland estate (See *White v. Paque*, 49 Wn. (2d) 481, 303 P. (2d) 524 (1956)); and (c) directed defendants to disconnect the third residence from the water system and to use water from the system only in accordance with the terms of the water agreements. Defendants appeal.

The facts found by the trial court are substantially as we have outlined them. Defendants' (appellants') first assignment of error is directed to the court's finding that plaintiffs were the owners of the water system and that Mr. Brautlacht only acquired "a right to use and connect to the pipeline . . ."

The record contains nothing which would justify us in disturbing the findings of fact of the trial court.

Defendants' second assignment of error is that the trial court erred "in refusing to sign the proposed Findings of Fact and Conclusions of Law and Judgment presented by the appellants."

We cannot consider this assignment of error for

three reasons: (a) the proposed findings of fact conflict with certain findings made by the trial court to which no error is assigned; (b) the assignment of error is not argued in the brief and is waived. *State v. Williams,* 49 Wn. (2d) 354, 356, 301, P. (2d) 769 (1956); and (c) specific error is not pointed out as required by the rules of court. Rules on Appeal 42 (1) (f), 43, 34A Wn. (2d) 44, as amended, effective January 2, 1953. This assignment is but an invitation to us to search the record and see if we can find any error. See *Malnati v. Ramstead, ante* p. 105, 309 P. (2d) 754 (1957).

■■ Defendants' last assignment of error—that the court erred when it denied their motion for a new trial—cannot be considered. We are bound by the record before us on appeal. *Dux v. Hostetter,* 39 Wn. (2d) 126, 130, 234 P. (2d) 553 (1951). Although the transcript contains a motion for a new trial, we find no order of court disposing of it. We must, therefore, assume that the motion was waived by the notice of appeal subsequently filed. *Fairview Lbr. Co. v. Makos,* 44 Wn. (2d) 131, 134, 265 P. (2d) 837 (1954).

The judgment is affirmed.