[No. 34170. Department Two. September 26, 1957.]

LARRY GATTAVARA *et al.*, *Appellants*, v. V. R. SCHEUMANN *et al.*, *Respondents and Cross-appellants.*[1]

*Lewis S. Armstrong* and *Caley & Armstrong*, for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann*, for respondents and cross-appellants.

DONWORTH, J.—This action was brought by one partnership, as subcontractor, against another partnership, as prime contractor, upon an alleged subcontract for electrical work on the Ketchikan waterfront project. The work performed by the prime contractor consisted of rebuilding a portion of Tongass avenue along the waterfront in Ketchikan, pursuant to a contract with Alaska Public Works, at a cost of more than one million dollars.

The amended complaint alleged that plaintiffs submitted,

[1]Reported in 315 P. (2d) 649.

by telephone, an oral bid of $47,800, which was accepted. It was further alleged that, after the subcontractor had commenced work and had furnished labor and material in the amount of $1,153.53, the prime contractor ordered a cessation of the work and awarded the subcontract to another firm. Damages were prayed for in the sum of $25,245.61.

The answer denied the material allegations of the amended complaint except that it was admitted that the prime contractor had ordered plaintiff subcontractor to stop work.

The trial court made findings to the effect that plaintiffs had failed to prove an acceptance of their bid and that therefore the parties had not entered into a contract. However, the court found that plaintiffs had done certain work at the site of the project of the reasonable value of $1,153.53, which defendants had used. Judgment was entered for plaintiffs for this amount only.

Plaintiffs have appealed and defendants have cross-appealed.

Three assignments of error are set forth in appellants' brief as follows:

"I. The court erred in making Finding of Fact No. V: 'Plaintiffs alleged but failed to prove an acceptance by defendants of plaintiffs' oral bid. The court is not satisfied with the proof offered by the plaintiffs. The court finds the parties did not enter into a contract.'

"II. The court erred in making Conclusion of Law No. I: 'Plaintiffs are entitled to recover from defendants a judgment for $1153.53, and no more.'

"III. The court erred in entering judgment for the appellants in the sum of $1153.53, and no more, and should have entered judgment for the appellants in the sum of $24,638.58 together with their costs."

The single issue presented by these assignments is entirely one of fact, to wit, whether or not a subcontract was entered into between the two partnerships. No writing is involved. Appellants rely on a number of telephone conversations between Mr. Gattavara and Mr. Scheumann, and one call from the former to the latter's bookkeeper, to whom the oral bid was transmitted. In addition, plaintiffs' super-

intendent testified to a telephone conversation with Mr. Scheumann in which the latter advised him that the subcontract had been awarded to appellants. Mr. Scheumann, in his testimony, denied that such a conversation ever took place.

We have read with care the three hundred pages of testimony in this case, and have examined some thirty exhibits admitted in evidence. To review in detail in this opinion all the evidence presented in this case, would unduly extend it and would add nothing to the case law in this state. On the one factual issue presented, the evidence is in direct conflict as to what was said by the several persons above referred to in the telephone conversations described in the testimony.

Appellants recognize the rule that unless the evidence preponderates against the trial court's findings, this court will accept them as the facts of the case. But appellants argue that in the present case respondents' principal witness, Mr. Scheumann, was impeached, and that many collateral circumstances shown by the evidence support appellants' contention that he was not telling the truth. All these matters were necessarily considered by the trial court in passing upon the credibility of Mr. Scheumann and of Mr. Gattavara, respectively.

Appellants state that they have found no decision involving a situation where one of two witnesses testifying to conflicting versions of their conversations has been impeached. Assuming that Mr. Scheumann was impeached, that factor would not change the rule that the trial court's findings will be accepted unless this court can say from its review of the evidence that it preponderates against them.

Here the trial court stated at the beginning of its oral decision:

"This case is a little difficult, and one of the reasons being that it is a question of veracity between two individuals. I am not required to believe any witness who is a party. I am required to believe an independent witness unless he is successfully impeached. When it becomes necessary to determine which witness I will believe in a case of this

kind, I have got to depend on circumstances, because I am not permitted to simply assume that somebody is testifying falsely."

We see no reason for not applying in this case the usual rule as to the trial court's findings. Among our recent decisions where it has been applied are: *Lalley v. Lalley*, 43 Wn. (2d) 192, 260 P. (2d) 905 (1953); *Corbett v. Ticktin*, 43 Wn. (2d) 248, 260 P. (2d) 895 (1953); *McDonald v. Wockner*, 44 Wn. (2d) 261, 267 P. (2d) 97 (1954); *Ryan v. Ryan*, 48 Wn. (2d) 593, 295 P. (2d) 1111 (1956); *Brooks v. Warner*, 50 Wn. (2d) 99, 309 P. (2d) 757 (1957).

The burden was upon appellants to prove that their offer was accepted by respondents. The trial court found that the parties did not enter into a contract. Since we cannot say that the evidence preponderates against this finding, the judgment must be affirmed on the appeal. This disposes of all three of appellants' assignments of error.

Respondents have cross-appealed from that portion of the trial court's judgment awarding appellants $1,153.53 upon a *quantum meruit* basis.

As we understand their position (there being no assignment of error as required by Rule on Appeal 42(1) (f), 34A Wn. (2d) 44, as amended, effective January 2, 1953), respondents contend that (a) under the amended complaint which alleged an express contract, appellants are not entitled to *quantum meruit* relief, and (b) the action is barred by the statute of frauds because the alleged oral contract could not be performed within one year.

■ Respondents' entire statement in support of (a) is set forth in their brief as follows:

"Respondents' cross-appeal primarily raises the question whether, when an action is brought upon an express contract only, any alternative *quantum meruit* relief can be given the plaintiff. We submit it is self-evident that the theory of a lawsuit may not be so changed nor such relief be granted under the amended complaint in this action."

In the absence of any further discussion or the citation of any authority to support this contention, we see no need

for further considering it. *Erdmann v. Henderson*, 50 Wn. (2d) 296, 311 P. (2d) 423 (1957).

With regard to (b), we find no merit in the argument in respondents' brief under the heading "Statute of Frauds." See *Gronvold v. Whaley*, 39 Wn. (2d) 710, 237 P. (2d) 1026 (1951).

The judgment is affirmed both on the appeal and on the cross-appeal.

HILL, C. J., ROSELLINI, and MALLERY, JJ., concur.