[No. 39690.     Department One.     May 8, 1969.]

Jim Wells, *Respondent and Cross-appellant*, v. Glenn Scott *et al., Defendants,* Scott & Suess Builders Co., *Appellant.*[*]

*Edmund J. Jones,* for appellant.

*Jon Marvin Jonsson,* for respondent and cross-appellant.

McGovern, J.—Plaintiff predicated a cause of action against defendant corporation on an oral contract, alleging that he had performed the electrical work essential to the construction of two apartment buildings owned by the corporation. Although the claim was expressed in terms of compensation due for material used and time spent, plaintiff's judgment was founded on a theory of quantum meruit. Defendant corporation appeals from that judgment and plaintiff cross-appeals from a denial of his prayer to fore-

[*]Reported in 454 P.2d 378.

close a labor and materialman's lien. Defendants Scott and Suess, and their respective wives, were dismissed as individual parties defendant, and no appeal has been taken from that order.

Plaintiff testified that he did not have a compensation agreement with the defendants at the time he commenced furnishing services and materials to the two apartment buildings, each composed of 21 units. But, he said, that was not unusual when considered in the light of his past dealings with the defendants. He said that he had been doing business with them as their electrical contractor since August, 1958, and during that period of time had completed approximately 23 projects for them. Of that number, he said that four of their dealings were based on written agreements; one-third of the remainder were based on oral agreements with a predetermined compensation figure, and all of the remaining projects were completed by him before he and the defendants ever agreed on adequate compensation.

Substantial completion of the electrical work to the buildings in question had occurred by July, 1965. On the twelfth day of that month, plaintiff submitted a statement for services to the defendants in the sum of $30,998.18, including tax. Subsequently, on July 20, 1965, according to plaintiff's testimony, he submitted a new statement to defendants in order to "correct [the] billing of 7/12/65." That notation appeared on the face of the new statement, which called for a total contract price of $49,858.78, including tax. The buildings were completed in early September, 1965, but plaintiff was paid nothing more on the account after submission of his July, 1965, billings.

At the trial, plaintiff reduced his prayer for damages to $45,190.88 by correcting a mathematical error and then proceeded on the basis of a claim in quantum meruit. Defendants admitted that plaintiff had completed the assignment and did not question the quality of the work, but denied the value as claimed. From plaintiff's judgment in the sum of $42,848, defendants raise two basic assignments of error: (1) was there sufficient evidence to support the findings of

924

the trial court on the issue of time spent and material furnished by plaintiff, and (2) if so, should plaintiff have been denied all measure of profit?

Our examination of the record reveals substantial competent evidence to support the findings. Two witnesses, experts in the electrical construction business, testified for plaintiff; one quoted the value of materials and labor furnished to be $41,200, excluding tax; the other stated that $42,927.48 would be a reasonable sum, not counting the tax and not including certain underground wiring furnished to the buildings. Plaintiff, 12 years in the electrical contracting business, produced invoices, time records and the price estimate book he used in preparing the statements. He explained the procedure he followed at the time and advised that it was identical with the method he had used in prior transactions with defendants.

■ We said in *Ormiston v. Boast*, 68 Wn.2d 548, 413 P.2d 969 (1966), that ". . . we do not retry factual issues, and our examination of the record where a finding of fact is challenged, goes no further than to determine whether there is substantial evidence to sustain that finding." We go no further here—the record amply supports the findings of the trial court on the issue of value of labor and material furnished by plaintiff. *See Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Hollingbery v. Dunn*, 68 Wn.2d 75, 411 P.2d 431 (1966); *Sander v. Wells*, 71 Wn.2d 25, 426 P.2d 481 (1967).

■ Defendants next insist that a party is not entitled to recover profits when his judgment is founded on the principal of quantum meruit. They would therefore reduce the judgment by an amount equal to plaintiff's margin of profit. As authority for that proposition defendants cite *Losli v. Foster*, 37 Wn.2d 220, 222 P.2d 824 (1950). In *Losli*, we said that "Profit is an appropriate factor in determining the quantum meruit where there are no circumstances which call for its exclusion." Defendants assert that plaintiff's erroneous estimates constitute circumstances sufficient in nature to qualify for an exception to the rule and that profits should therefore be denied. We do not agree. An estimate is

by its nature a tentative, an incomplete or an approximate figure. It is not intended to be final, and corrections or modifications are anticipated. The trial court accepted plaintiff's written statements to the defendants as estimates and we concur in that view. Those estimates were, therefore, subject to change without penalty to plaintiff on account of such correction.

Defendants' remaining assignments of error are not supported by argument nor citation of authority and are without merit. *See Gattavara v. Scheumann,* 51 Wn.2d 55, 315 P.2d 649 (1957).

Finally, plaintiff cross-appeals from the denial of his claimed right to foreclose a labor and materialman's lien. The substance of the claim was that, although construction of the buildings was completed in early September, 1965, plaintiff had guaranteed his work for a period of 1 year thereafter; that on request of defendants' agent, and as required by the guarantee, plaintiff had replaced two defective circuit breakers in one of the buildings on May 6, 1966; that the 90-day period during which to record his claim of lien therefore commenced to run on May 6, 1966; that his claim of lien was recorded on June 10, 1966, and was, therefore, timely filed.

The trial court correctly held that a labor and materialman's lien is a creature of statute in derogation of common law, and that its statutory terms must be strictly construed. It held that since construction of the buildings was completed on September 1, 1965, the 90-day filing period for a claim of lien commenced to run at that time; that since the claim was not filed until approximately 280 days thereafter, it was of no force and effect. We concur. The 1-year guarantee did not extend the statutory time within which the claim of lien could properly be recorded.

The judgment is affirmed.

WEAVER, ROSELLINI, and HALE, JJ., and STAFFORD, J. Pro Tem., concur.

————————

July 10, 1969. Petition for rehearing denied.