[No. 8731-2-I.   Division One.   January 4, 1982.]

THE CITY OF ALGONA, *Respondent,* v. TIMOTHY H. SHARP, ET AL, *Defendants,* F. W. MAPLES, *Appellant.*

*Barbara Warren* of *Evergreen Legal Services,* for appellant.

*Ernest Crane,* for respondent.

RINGOLD, J.—The defendant, F. W. Maples, appeals the denial of his motion to quash order and notice of sale issued on execution after judgment was entered foreclosing a Local Improvement District (LID) assessment lien for the installation of sewers. The primary issue submitted for our consideration is whether the homestead exemption act, RCW 6.12.010 *et seq.,* prevents the forced sale of real property to satisfy an LID lien. We hold in the affirmative and reverse.

Maples has owned his home since 1956 and its uncontested value is less than $20,000. The City of Algona (City) is a third–class city with a population of approximately 1,000. In 1970 the City made an LID sewer assessment against the landowners within the area of service. The defendant's share of the assessment was approximately $800 payable over a period of 20 years, or an annual payment, including interest, of $96.91.

Though he received annual bills, Maples made no payments to the City. The City credited his account for $100, money received from the State upon condemnation of a portion of the property for highway purposes.

The City sent Maples a notice in January 1979, stating that foreclosure proceedings would commence if the assessment was not paid. This action was filed in May 1979 with notice given by publication as required by law. Maples

received a summons and responded by letter to the City Attorney, seeking damages from the City. His water service had been turned off since 1972.

The City treated this letter as an appearance but not as an answer. Maples received a notice of presentation and order of default in August 1979. Default judgment was taken on August 7, 1979, and the judgment was signed October 9, 1979, when findings of fact and conclusions of law were entered ex parte by the trial court. The judgment ordered sale of several parcels, including that of Maples, to take place on March 24, 1980. Maples was advised of the judgment by letter from the City Attorney dated October 22, 1979.

After consulting counsel from the Legal Services Center, on March 4, 1980, Maples filed a declaration of homestead pursuant to RCW 6.12.010 *et seq.* On March 14, 1980, Maples filed a motion to vacate the default judgment or, in the alternative, to quash the order and notice of sale. The motions were denied in an order entered March 21, 1980. This appeal follows.

Maples contends that his homestead is exempt from foreclosure and sale to satisfy the LID assessment lien. The Washington State Constitution provides: "The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families." Const. art. 19, § 1. Pursuant to that provision, the legislature passed laws relating to homesteads, now codified in RCW 6.12.010 *et seq.* RCW 6.12.090 provides in part: "The homestead is exempt from attachment and from execution or forced sale, except as in this chapter provided . . ." RCW 6.12.100 provides:

Homestead subject to execution, when . . . The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

(1) On debts secured by mechanic's, laborer's, materialmen's or vendor's liens upon the premises.

(2) On debts secured by mortgages on the premises executed and acknowledged by the husband and wife or by any unmarried claimant.

There is no statutory provision for sale to satisfy local assessment liens.[1]

Maples points out that the exceptions to the superiority of a homestead right provided by the statute are all contractual in nature, and arise from the debtor's voluntary indebtedness. He argues that the statutory list of exceptions should be strictly construed since the homestead is a valuable right favored in the law for the protection of the debtor. *Lien v. Hoffman*, 49 Wn.2d 642, 306 P.2d 240 (1957). Under these statutes, Maples argues, the assessment lien cannot be enforced against his homestead.

The City responds that under Const. art. 11, § 12 the legislature may grant to municipalities the power to assess and collect taxes for municipal purposes and argues that RCW 35.24.290(4) is such a grant for the construction of sewers.[2] RCW 35.50.010 establishes an assessment lien, attaching to the affected property, which is superior "to any other lien or encumbrance . . . except a lien for general taxes." RCW 35.50.030 *et seq.* provide for foreclosure of delinquent assessments.

The City contends that these provisions permit the inference that an assessment lien takes priority over the protection of a declaration of homestead, claiming that the payment of assessments is an obligation incident to the ownership of property, and that government would cease to operate if taxes and assessments could be avoided in this manner. Maples replies, however, that a homestead is not a lien or an encumbrance but a personal right guaranteed by the constitution, which may be asserted independently of any statutory enactment.

---

[1]The only other way to reach a homestead for satisfaction of debts is the procedure provided in RCW 6.12.140 *et seq.* for appraisal and sale when the value of the property exceeds $20,000.

[2]The authority for the assessment is not at issue. It should be noted, however, that the cited statute does not authorize assessment for sewer *construction*, but only for the costs of *connections* for the sewer. The proper granting authority would be RCW 35.43.040, authorizing the levy and collection of special assessments for local improvements.

The question presented by this appeal is one of first impression in Washington. It places two important governmental objectives in opposition: (1) the homestead statute, implementing the policy that each citizen have a home "where his family may be sheltered and live beyond the reach of financial misfortune," *Clark v. Davis,* 37 Wn.2d 850, 852, 226 P.2d 904 (1951), quoting 40 C.J.S. *Homesteads* § 2, at 431 (1944); and (2) the interest of the government in ensuring the collection of unpaid local assessments, *Palzar v. Tacoma,* 17 Wn. App. 745, 565 P.2d 1191 (1977).

The issue before us is one of statutory construction. The general rule is clearly stated in 14 E. McQuillin, *Municipal Corporations* § 38.163, at 391 (3d ed. 1970):

> Rather than constituting a personal liability on the part of the owner, a lien for special assessments attaches to the lot of land and the improvements thereon . . . Whether it attaches to a homestead is dependent upon the constitutional or statutory provisions of the particular state.

(Footnotes omitted.) The City relies on cases from other jurisdictions which hold that the tax collection process is independent of and superior to the protection afforded by homestead. In those jurisdictions, however, the relevant constitutions and statutes expressly provide for collection of assessments and taxes against homesteads. In *Iowa Mut. Ins. Co. v. Parr,* 189 Kan. 475, 370 P.2d 400 (1962), for example, the relevant homestead provision provided in part

> but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon: *Provided,* The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife . . .

Kan. Const. art. 15, § 9; 189 Kan. at 478, 370 P.2d at 402. Washington has no analogous provision. These cases do not support the City's contention, since neither the Washington Constitution nor the statutes except taxes from the home-

stead protection.[3] In fact, *Parr* expressly held that the constitutional provision exhausts the possible list of exceptions allowing forced sale. The Kansas court in *Parr* held that absent an express provision, sale of a homestead to satisfy a judgment arising from an indemnity contract was not possible. *Id.* Application of that rule in Washington would favor Maples and not the City.

■ The legislature has listed several types of liens which may be executed against a homestead. RCW 6.12.100. "Assessment liens" are not among them. The maxim "expressio unius est exclusio alterius" is the law in Washington, barring a clearly contrary legislative intent. *Knowles v. Holly,* 82 Wn.2d 694, 513 P.2d 18 (1973). An inference must therefore be made that the legislature intended the omission of "assessment liens" from the homestead statute. Had it not so intended, it could have amended the statute to include such liens, as it did for materialmen's liens in 1909. Laws of 1909, ch. 44, p. 71.

■■ The homestead statute does not make a homestead exempt from taxation, but rather prevents forced sale to satisfy a lien.[4] The homestead laws are to be liberally construed in favor of the debtor. *State ex rel. White v. Douglas,* 6 Wn.2d 356, 107 P.2d 593 (1940), *Lien v. Hoffman, supra.* We agree with Maples that his homestead is exempt from execution and forced sale to satisfy an LID

---

[3]The City equates the status and priority of an LID assessment lien with that of a lien for general taxes and contends that without collecting taxes government cannot function. Although the formation of local improvement districts and the levy and collection of LID assessments play an important role in our scheme of self–government, government would not cease to operate if LID assessments were inferior to homestead rights, and thus uncollectible in some cases. We express no opinion here as to the effect of a declaration of homestead against a lien for general taxes.

[4]Constitutional amendments to exempt homesteads from taxes have been proposed in the past, but have not been put before the voters. *See, e.g.,* House Bill 182, 4th Legislature (1895); Senate Bill 102, 5th Legislature (1897). Attempts to achieve the same result by statute also failed, both before and after enactment of the homestead law. *See, e.g.,* House Bill 107, 3d Legislature (1893); House Bill 273, 24th Legislature (1935).

assessment lien.

The State's reliance on the assessment lien statute, RCW 35.50.010, providing for the priority of such a lien over other liens and encumbrances, is misplaced. The homestead is neither a lien nor an encumbrance, but a species of land tenure exempt from execution and forced sale in all but the enumerated circumstances. RCW 6.12.080, 6.12.090. An assessment lien cannot, therefore, be "superior" to homestead.

■ Neither does RCW 35.50 supersede the homestead statute as to assessment liens. A statute creating a lien is in derogation of the common law and must be strictly construed. *Dean v. McFarland,* 81 Wn.2d 215, 500 P.2d 1244 (1972). Without a more specific statement, a legislative intent to supersede the homestead provisions as to sale cannot be implied from the procedure for foreclosure and sale set up in RCW 35.50. The policy in favor of homestead protection is too strong.

The City finally argues that since Maples has the right to redeem his property within 2 years and in any event is entitled to possession because of his homestead, Maples has suffered no harm as a result of the sale. Neither of these alternatives, however, fulfill the clear intent of homestead protection, that a debtor retain ownership of a certain portion of his property, free from the claims of creditors. *Clark v. Davis, supra.*

■ The sale under execution of an exempted homestead is void. *Byam v. Albright,* 94 Wash. 108, 162 P. 10 (1916).

We therefore reverse the order denying the motion to quash order and notice of sale and the cause is remanded for further proceedings in accord herewith.

CALLOW and CORBETT, JJ., concur.