202 P.3d 983 (2009)
In re the Marriage of Mary L. BAKER, Appellant,
v.
Jayhu C. BAKER, Respondent.
No. 27242-7-III.
Court of Appeals of Washington, Division 3.
March 10, 2009.
*984 John F. Bury, Steve Schneider, Attorneys at Law, Spokane, WA, for Appellant.
Michael J. McLaughlin, Attorney at Law, Newport, WA, for Respondent.
BROWN, J.
¶ 1 Mary L. Baker appeals the trial court's decision to deny execution upon one of five contiguous parcels of land belonging to her former husband, Jayhu C. Baker, that he claimed exempt under the Homestead Act, chapter 6.13 RCW. Ms. Baker appeals, arguing the homestead exemption does not apply to parcels of property not occupied by a judgment debtor. Because Mr. Baker resides on one of the contiguous parcels, and no other exemption issues are raised, we affirm the trial court.

FACTS
¶ 2 In dissolving the parties' marriage, the court awarded Ms. Baker a $2,000,000 judgment with interest to be paid in $20,000 monthly installments by Mr. Baker. Mr. Baker failed to make the ordered payments. Ms. Baker then moved for judgment on the delinquent monthly amounts and sought a writ of execution on property owned by Mr. Baker, referred to as Parcel B. Parcel B is one of five contiguous parcels, one of which, Parcel A, is where Mr. Baker's home is located. The five parcels were originally Mr. Baker's parents'. All of the parcels were deeded to him as his separate property as part of the parties' property distribution.
¶ 3 The court awarded Ms. Baker a monetary judgment, but found Parcel B was exempt under the homestead act. Ms. Baker appealed.

ANALYSIS
¶ 4 The sole issue on appeal is whether Parcel B is exempt from a writ of execution under the homestead act. Mr. Baker contends the parcel is part of the land surrounding the parcel his residence is built on and, therefore, is exempt under the definition of a homestead in RCW 6.13.010(1).
¶ 5 Whether the homestead act exempts property surrounding a parcel where a residence is located is a matter of statutory interpretation, which we review de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002). "The homestead act `implements the policy that each citizen have a home where [the] family may be sheltered and live beyond the reach of financial misfortune.'" In re Dep. of Schermer, 161 Wash.2d 927, 953, 169 P.3d 452 (2007) (quoting Pinebrook Homeowners Ass'n v. Owen, 48 Wash.App. 424, 427, 739 P.2d 110 (1987)). Courts favor the act and construe it liberally to promote its purpose of protecting family homes. Id.
¶ 6 Under RCW 6.13.030, a home automatically becomes a homestead when the owners use the property as their primary residence. The homestead act protects up to the amount of the land's value or $125,000, whichever is less. RCW 6.13.030. The judgment amount awarded to Ms. Baker for delinquent payments totaled $100,000. The record suggests the value of the questioned parcel is under $125,000.
¶ 7 When a dwelling house is at issue, "[T]he homestead consists of the dwelling house . . . in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved or unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon." RCW 6.13.010(1) (emphasis added).
¶ 8 Ms. Baker argues the homestead exemption applies to either the land where a dwelling house is located "or" unimproved land, but not both. RCW 6.13.010(1). But, since a residence already exists on one of the parcels, the true issue is whether contiguous parcels would be characterized as "land . . . by which the same are surrounded." Id.
¶ 9 Our Supreme Court over a hundred years ago held that a homestead may consist of lots in one block on which a dwelling is situated, and lots in an adjoining block separated from a dwelling and used for other purposes. Morse v. Morris, 57 Wash. 43, 106 P. 468 (1910). The Court also held several years ago, that four lots in one tract may be set aside to widow as homestead. In re *985 Murphy's Estate, 46 Wash. 574, 90 P. 916 (1907). Several other states have held similarly. See In re Allman, 286 B.R. 402, 407 (Bankr.D.Ariz.2002) (homestead includes entire contiguous parcel of land on which a residence sits, regardless of whether it consists of one or more lots as determined by the subdivision plat or assessor's parcel numbers); Blomgren v. Van Zandt, 126 S.W.2d 506, 509 (Tex.Civ.App.1939) (head of family may designate 200 acre homestead portion out of larger contiguous acreage); McCray v. Miller, 78 Okla. 16, 184 P. 781, 784 (1919); ("homestead necessarily includes the idea of a house for a residence, or mansion house, and includes that part of a man's property which is about or contiguous to the dwelling house.").
¶ 10 These holdings are instructive because the use and enjoyment of a residence includes the surrounding property. They, together, make up the homestead. The sanctity of a homestead is the same today as it was in the early 1900s when our Supreme Court decided Morris and In re Murphy's Estate. Furthermore, we follow these holdings to give effect to our legislature's use of the term "land . . . by which the same are surrounded." RCW 6.13.010(1). Appropriately, our legislature set a $125,000 limit to avoid abuse of the homestead exemption.
¶ 11 In view of the public policy involved in our homestead statutes, the sanctity with which the legislature has attempted to surround and protect homestead rights, and the guidance provided by our Supreme Court and other state courts, the parcels that surround Mr. Baker's residence are exempt under Washington's homestead act. The trial court correctly concluded likewise.
¶ 12 Affirmed.
WE CONCUR: SWEENEY and KORSMO, JJ.