[No. 21769. *En Banc.* October 21, 1929.]

JOHN W. SPENCER, *Appellant,* v. PACIFIC MERCANTILE AGENCY COLLECTORS, INCORPORATED, *et al.,* *Respondents.*[1]

[1]Reported in 281 Pac. 482.

*Alexander Mackel,* for appellant.
*Lloyd B. Dysart,* for respondents.

TOLMAN, J.—Appellant, as plaintiff, brought this action to enjoin the sale on execution of certain real property which he claims as his duly selected homestead. A demurrer to his complaint was sustained. He elected to stand on the complaint, refused to plead further and a judgment of dismissal followed, from which he prosecutes this appeal.

The complaint, somewhat freely interpreted and omitting the formal averments, alleges the rendition of a judgment in the superior court for Lewis county on April 25, 1927, in favor of respondent Pacific Mercantile Agency Collectors and against the appellant in the sum of $315.50, which is wholly unpaid and unsatisfied; that, thereafter, by deed dated September 26, 1927, appellant obtained the title to certain described real estate, which deed was duly filed for record September 30, 1927. After the delivery to him of the deed and before recording it, on September 29, 1927, appellant selected the premises described in the deed as his homestead, duly prepared and acknowledged a homestead declaration and filed the same for record on that day and, thereafter, to correct a mis-description of the property claimed, he later and about November 7, 1927, duly executed and filed an amended homestead declaration which correctly described the property.

In October, 1927, appellant filed a petition in voluntary bankruptcy in the proper court, and duly scheduled the judgment indebtedness and was duly adjudged a bankrupt on October 3, 1927. Thereafter, such proceedings were had in the bankruptcy court as to result in an order setting aside to appellant, as exempt, the

real property covered by his homestead declaration, but with the proviso:

"It is further ORDERED and ADJUDGED that nothing in this order shall be construed as prejudicing the Pacific Mercantile Agency Collectors, Incorporated, the judgment creditor, or any other person or persons claiming to have any judgment or other lien or liens against the property allowed as exempt from proceeding in the courts of the state of Washington to enforce the same, nor as prejudicing the bankrupt, or others, opposing such asserted liens."

Appellant has occupied the property as his home at all times since its first selection, and is now so occupying it.

In May, 1928, the respondent Pacific Mercantile Agency Collectors caused an execution to issue on its judgment, delivered the same to the sheriff of Lewis county and caused it to be levied upon all of the property so claimed and occupied by appellant as a homestead and that the sheriff will proceed to sell thereunder unless restrained. The prayer is in the usual form for a temporary restraining order, a permanent injunction restraining any sale under the respondent's judgment, and for general relief.

When the judgment was entered, the law with reference to the time of selection of a homestead is determinable from the following sections of Remington's Compiled Statutes:

Section 528:

"The homestead consists of the dwelling-house, in which the claimant resides, and the land on which the same is situated, selected as in this chapter provided."

Section 529:

"There shall be also exempt from execution and attachment to every householder, being the head of the family, a homestead not exceeding in value the sum of one thousand dollars, while occupied as such by the

owner thereof, or his or her family. Said homestead may consist of a house and lot or lots in any city, or of a farm consisting of any number of acres, so that the value of the same shall not exceed the aforesaid sum of one thousand dollars. Such homestead may be selected at any time before sale.''

Section 552 seems to supersede § 529 in all but the last sentence fixing the time when the selection may be made, and reads:

''Homesteads may be selected and claimed in lands and tenements with the improvements thereon, not exceeding in value the sum of two thousand dollars. The premises thus included in the homestead must be actually intended and used for a home for the claimants, and shall not be devoted exclusively to any other purposes.''

So that when the judgment was entered, the head of a family might select a homestead, to the extent of $2,000 in value in lands and tenements actually intended and used for a home, by filing the proper declaration at any time before sale.

In 1927, the legislature passed an act, chapter 193, Laws of 1927, p. 265 (Rem. 1927 Sup., § 528), which took effect after the rendition of the judgment with which we are here concerned, but before the appellant acquired title to his property or filed any declaration of homestead, in and by which act, § 529, *supra,* was repealed and § 528 was amended to read as follows:

''The homestead consists of the dwelling house, in which the claimant resides, and the land on which the same is situated, selected at any time before rendition of judgment, as in this act provided.''

Therefore at the time that appellant filed his declaration of homestead the statute law in terms required the selection of a homestead to be made before the rendi-

tion of the judgment, and made all homesteads selected after judgment liable to execution sale on such prior judgments.

It is argued that the act of 1927 ought not to be given a retroactive effect, thus according to a judgment creditor rights which he did not have when his judgment was rendered, and denying to the heads of families, who may have judgments against them, the possibility of thereafter acquiring a homestead exempt from such prior judgments; and, further, that to so construe the act is to deny the equal protection of the law to appellant and those similarly situated. Such a construction, it is also urged, is to grant special privileges and immunities in controversion of § 12, Art. I, of our state constitution, and that likewise the act is violative of Art. XIX of our state constitution, which reads:

"The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families."

In view of the mandatory provision of our constitution, the act of 1927 should be given such construction as to give effect, if possible, to the constitutional mandate.

It is, we believe, a universal rule that laws giving homestead rights are to be liberally construed. 29 C. J. 787; *Hills v. Joseph,* 229 Fed. 865.

Assuming, then, as we may properly do, that the legislature had in mind these constitutional provisions to which we have adverted, it seems manifest that there was no purpose or intent to deny to any the right of a homestead, but that the only intent was to require the filing of the declaration before judgment, to the end, no doubt, that the creditor might thus avoid the needless expense of progressing up to the point

of sale only to find that the debtor, by then exercising his right of selection, could defeat the creditor's purpose entirely.

The amended law of 1927 was properly applied in *State ex rel. Columbia Valley Lumber Co. v. Superior Court,* 147 Wash. 574, 266 Pac. 731, and no doubt in the only way that the legislature intended that it should be applied. As to all those who are in a position to select a homestead before judgment, there is no denial of any constitutional right or privilege and the act is not unconstitutional as to them. *Desimone v. Shields,* 152 Wash. 353, 277 Pac. 829, and cases there cited.

▇ While, perhaps, we ought not to go so far as to frame an excepting clause, and to do so would subject us to the charge of indulging in judicial legislation, yet it seems obvious that the legislature did not intend the act of 1927 to apply to those who might, after judgment, for the first time, acquire property which they could occupy and select as a homestead.

But if that view be unsound, then the only other conclusion to be arrived at is that the act of 1927 is unconstitutional as to those who are thereby denied the personal right and privilege which is extended to all others of acquiring real property to be occupied and selected as a homestead.

If the 1927 act be so held to be unconstitutional, there yet remains sufficient statutory authority for the selection made by the appellant. Omitting § 528, *supra,* as amended, as being unconstitutional, and omitting also the sections repealed by the 1927 act, there still remains § 530, which reads:

· "If the claimant be married the homestead may be selected from the community property, or the separate property of the husband, or, with the consent of the wife, from her separate property. When the claimant is not married, but is the head of a family within the

meaning of section 553 the homestead may be selected from any of his or her property.''

There remains also § 552, which we have already quoted, § 553, which defines the head of a family, and all of the remaining body of statutes on the subject which provide the method of making the selection and establish the effect thereof. Indeed, the statute law on the subject remains complete except only as to the time of selection, and without a statutory time fixed, it is not unreasonable to hold that the selection may be made at any time before sale while the title and possession remain in the person so selecting.

Under the liberal rule of construction, these are ample, and we therefore hold that appellant has pleaded a good cause of action.

The judgment is reversed with directions to overrule the demurrer and permit the respondents to answer on the merits.

PARKER, FRENCH, MILLARD, HOLCOMB, and BEALS, JJ., concur.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., dissent.