[No. 22077. Department Two. January 10, 1930.]

HOWARD E. PRATT et al., Appellants, v. EARL K. McINROE, as Sheriff of Walla Walla County et al., Respondents.[1]

*Sharpstein & Smith,* for appellants.

*Marvin Evans* and *John F. Watson,* for respondents.

MAIN, J.—This action was brought to restrain the sale of certain real property on execution. The trial was to the court without a jury, and resulted in a judgment of dismissal, from which the plaintiffs appealed.

The facts are these: June 21, 1921, and for some time prior thereto, John Smith and Mary E. Smith,

[1] Reported in 283 Pac. 1089.

his wife, owned a lot in the city of Walla Walla upon which a dwelling house had been erected, and in which they were residing with their children. On the day mentioned, Mr. Smith died. In the course of the administration of his estate, the property here in question was awarded and set off to Mrs. Smith, his widow, in lieu of a homestead. Mr. Smith, prior to his death, had not selected a homestead in the property under the general homestead law. Mrs. Smith neither before nor after her husband's death selected such a homestead. Her title rested upon the award made to her in the probate proceedings in lieu of a homestead. A judgment was obtained against Mrs. Smith upon an obligation which she created subsequent to the death of her husband. After the rendition of this judgment, and on December 29, 1928, Mrs. Smith conveyed the property to the appellants, Howard E. Pratt and wife. After the appellants purchased the property, they filed a declaration of homestead thereon. As above stated, they brought the present action to prevent the sale of the property upon an execution issued on the judgment against Mrs. Smith.

The first question is whether the appellants took the property free and clear of the lien of the judgment against Mrs. Smith. This depends upon whether the status of the property after it was awarded to her in the probate proceedings was the same as it would have been had she selected it as a homestead under the general homestead law.

Section 1473, Rem. Comp. Stat., being one of the sections of the probate code and the one under which the award was made, provides that, when it shall be made to appear to the satisfaction of the court that no homestead has been claimed in the manner provided by law, either prior or subsequent to the death of the

person whose estate is being administered, then the court

". . . . shall award and set off to the surviving spouse, if any, property of the estate, either community or separate, not exceeding the value of three thousand dollars ($3,000), . . . [and] The awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions."

It is there expressly provided that the property awarded and set off to the surviving spouse shall be "in lieu of all homestead provisions of the law."

In *Greer v. Robinson*, 149 Wash. 659, 272 Pac. 28, it was held that property set over by the probate court to the surviving spouse under this statute was not exempt from execution upon a judgment subsequently obtained upon the separate debt of such spouse. In the course of the opinion, after quoting a portion of the section of the statute above referred to, it was said:

"It is conceded, indeed it seems plain, that Mrs. Greer's interest acquired in this property by virtue of the order of the court made in the administration proceeding, became entirely freed from liability upon all obligations provable as debts of the estate. Does that argue that her interest in the property so acquired, it manifestly thereby becoming wholly her separate property, is exempt from execution in satisfaction of her separate debt evidenced by the judgment upon which the execution was issued? We think not. Statutes of this nature, while having the effect of freeing awards of property or money made thereunder from the burden of provable debts of the estate, are not strictly exemption statutes, but are viewed by the courts more in the nature of distribution or preferred creditor statutes. *Griesemer v. Boyer & Rex,* 13 Wash. 171, 43 Pac. 17; *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328; *In re Andrews' Estate,* 123 Wash. 546, 212 Pac. 1073.

"It seems to us that the concluding language of

§ 1473, 'the awards in this section provided shall be in lieu of all homestead provisions of the law and of exemptions,' means nothing more than that the spouse to whom the award is made takes the award freed from the burden of all debts provable against the estate; that is, as a distributee or preferred creditor of the estate.''

It is said that that case is not controlling because the plaintiff there, Mrs. Greer, to whom the property had been awarded, was neither married nor the head of a family, and therefore would not have been entitled to select a homestead under the general homestead law. The case, however, is not rested on the fact that Mrs. Greer was neither married nor the head of a family, but upon the status of the property awarded and set off to the surviving spouse under § 1473, above cited, as related to liability upon obligations provable as debts against the estate, and also as related to obligations incurred by the spouse to whom the property was awarded. The holding in that case logically followed from the case of *In re Lavenberg's Estate,* 104 Wash. 515, 177 Pac. 328, where it was held that a nonresident widow was entitled to an allowance of three thousand dollars under § 1473, since the law was not strictly a homestead or exemption law.

If a nonresident widow, who would not be entitled to select a homestead under the general homestead law, was entitled to an award under § 1473, then it follows that the status of property selected under the general homestead law cannot be the same as that awarded in a probate proceeding.

It is further contended that, since the appellants, subsequent to the time they acquired title to the property, had filed a homestead thereon under the general homestead law, it would not be sold on an execution issued on a judgment against Mrs. Smith, the

prior owner. Section 445, Rem. Comp. Stat., in part provides that the real estate of any judgment debtor and such as he may acquire shall be held and bound to satisfy any judgment of the superior court, and the judgment shall be a lien upon the property of the judgment debtor from the date of the entry of such judgment. At the time the appellants acquired the property in question, it was subject to the lien of the judgment against Mrs. Smith. It cannot be that they, by subsequently filing a declaration of homestead, could defeat a lien upon the property which existed at the time they acquired title. We know of no case holding that one, not a judgment debtor, and who takes the property subject to the lien of a judgment or mortgage, can subsequently file a declaration of homestead and defeat such lien.

The case of *Spencer v. Pacific Mercantile Agency Collectors,* 154 Wash. 191, 281 Pac. 482, does not bear upon either of the questions here presented.

The judgment will be affirmed.

MITCHELL, C. J., FULLERTON, FRENCH, and HOLCOMB, JJ., concur.