[No. 54386–1.   En Banc.   July 15, 1988.]

CERTIFICATION FROM THE
UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
IN
FEDERAL INTERMEDIATE CREDIT BANK OF SPOKANE,
*Judgment Creditor,* v. O/S SABLEFISH, ET AL,
*Judgment Debtors,* CHRISTOPHER
MARTIN, ET AL, *Intervenors.*

*Riddell, Williams, Bullitt & Walkinshaw,* by *George E. Frasier* and *Karen F. Jones,* for judgment creditor.

*Witherspoon, Kelley, Davenport & Toole, P.S.,* by *Kristine A. Chrey,* for intervenors.

ANDERSEN, J.—

## FACTS OF CASE

The legal questions in this case certified to us by the United States District Court are whether a judgment creditor may enforce a judgment under Washington's general judgment lien statutes (RCW 4.56.190–.200) against real property purchased without actual notice of the judgment and, if so, whether any of the property purchased is exempt from execution under Washington's homestead statutes.

A chronology of the critical dates and facts is helpful to an understanding of the issues certified.

On February 10, 1987, the Federal Intermediate Credit Bank of Spokane, judgment creditor herein, presented a praecipe for writ of execution to the United States District Court, Western District of Washington, for issuance against certain real property located in King County (the Property). Named as judgment debtor was Rosemary Johanson.

The supporting affidavit stated that on July 2, 1984, Puget Sound Production Credit Association (PSPCA) obtained a judgment in the amount of $1,308,889.09, plus interest, against the judgment debtor, and that PSPCA assigned the judgment to the judgment creditor on July 1, 1985.

The affidavit added that a judgment lien attached to the Property on July 2, 1984, when the judgment was entered. The judgment debtor sold the Property to Christopher Martin and Gregory S. MacLachlan (purchasers) on April 1, 1985 subject to the lien. The judgment debtor never occupied the Property as her homestead.

On February 13, 1987, the United States District Court Clerk issued a writ of execution on the Property. On February 19, 1987, the United States Marshal issued notice that sale of the Property would occur on April 10, 1987. On February 25, 1987, the marshal levied execution on the Property and posted Notice of Sale.

On March 5, 1987, the purchasers filed a motion to intervene, quash writ of execution and levy on real property and enjoin sale of real property. Purchaser Martin stated that he and Gregory MacLachlan purchased the Property from the judgment debtor on April 1, 1985 for a purchase price of $53,000 and that he has occupied the house solely as his dwelling and that the dwelling is his homestead. The purchaser also declared that he had no knowledge, nor did he have any reason to know about, any judgment or claim against the judgment debtor which might affect the Property, as it was his understanding that the Property was owned by her free and clear at the time of sale. Further, the purchaser declared that he had never heard of the judgment creditor or PSPCA, and that his title insurance company did not advise him of any liens against the house prior to the April 1, 1985 purchase. The judgment was listed in the District Court's party index and its judgment book before the April 1, 1985 purchase date. The judgment debtor recorded the judgment in the King County Auditor's Office on November 20, 1985.

On March 27, 1987, after hearing oral argument, the United States District Court entered an order permitting the purchasers to intervene in this action, and also quashing the writ of execution and levy on real property and enjoining the sale of the real property.

On May 26, 1987, the purchasers asked the District Court to quash the purported judgment lien and quiet title to their real property. This motion superseded their March 5 motion. Alternatively, they moved for certification to the State of Washington Supreme Court. On September 10, 1987, the United States District Court entered an order granting the purchasers' motion for certification and staying their motion to quash and quiet title. The District Court determined that unresolved questions of state law exist, the answers to which are necessary for the court to rule on the purchasers' motion to quash the judgment lien and quiet title. The court entered a statement of questions for local law certified for answer pursuant to RCW 2.60.

These questions are as follows:

## ISSUES

ISSUE ONE. Can a judgment creditor enforce a judgment lien commenced pursuant to RCW 4.56.190–.200 against real property purchased from the judgment debtor by a purchaser for value without actual notice of the judgment, when the judgment was not recorded with the county auditor at the time of sale?

ISSUE TWO. If the answer to Issue One is affirmative, then is the subsequent purchaser's homestead under RCW 6.12-.090 (now codified as RCW 6.13.070) exempt from execution except as provided by statute (RCW 6.12.100; now codified as RCW 6.13.080)?

## DECISION

ISSUE ONE.

CONCLUSION. A judgment lien on real estate is created by RCW 4.56.200 and when entered by a federal district court, commences upon real property in the county where the judgment is entered from the date of entry. Such entry

serves as constructive notice to purchasers that a judgment lien has attached to a judgment debtor's property. While a judgment may also be separately filed for record in the county auditor's office, such recording is not necessary for the lien to be effective against purchasers of the property to which a lien has attached.

Federal law provides that state laws governing the creation and existence of liens shall apply to a lien entered by a federal district court in such state.[1] In Washington, a judgment lien arises automatically upon entry of judgment as to all real estate of the judgment debtor located in the county of the federal district court or of the state superior court in which the judgment is rendered.[2] Judgments rendered by a federal district or superior court in any other county become liens when a certified abstract of the judgment is filed with the county clerk of the county where the debtor's real estate is located.[3] Since the judgment in this case was entered in the county where the judgment debtor's property is located, it became a lien on that property on the day it was entered.[4]

The purchasers argue that while such a judgment lien is effective upon entry between a judgment creditor and debtor, the judgment must also be recorded in the county auditor's office to be effective against subsequent purchasers of a judgment debtor's property. It is interesting to note that Washington statutory law once supported this argument by requiring a judgment to be recorded in the county auditor's office before it could take effect as a lien upon a judgment debtor's property.[5] That requirement was

---

[1] 28 U.S.C. § 1962.

[2] RCW 4.56.190; RCW 4.56.200(1).

[3] RCW 4.56.190; RCW 4.56.200(2).

[4] See *Webster v. Rodrick*, 64 Wn.2d 814, 817, 394 P.2d 689 (1964); *deMers v. Oxford*, 28 Wn. App. 770, 772, 626 P.2d 518 (1981).

[5] See Code of 1881, §§ 308, 321; Hill's Code of Proc. §§ 449, 460 (1891).

expressly repealed, however, in 1893.[6] The amended statutes provided that judgments would become liens either on the date of entry or by filing a transcript of the judgment with the county clerk.[7] All references to the auditor's office in the earlier statutes were eliminated.

It is of interest to further observe that the Legislature considered reinserting that early recording requirement into the judgment lien statutes during the recently concluded 1988 legislative session. Senate Bill 5450 introduced at that session would have amended RCW 4.56.200 to require money judgments upon a debtor's real estate to be recorded before a lien would commence. This bill, however, did not become law.

The general judgment lien statutes, RCW 4.56.190–.200, thus retain the characteristics and consequences set forth in 1893 as described by this court in the early case of *Young v. Davis,* 50 Wash. 504, 506, 97 P. 506 (1908):

> *Since the act of March 3, 1893* (Laws 1893, p. 65), *a judgment of the superior court has been a lien upon the real property of the judgment debtor* in the county where the judgment is rendered *from the date of its entry, and this being so, it is of course constructive notice to any one purchasing such real property.* It must follow, also, that since *the judgment itself is constructive notice,* all of the subsequent proceedings had thereunder are, likewise, constructive notice to subsequent purchasers of real property affected by such proceedings.

(Italics ours.) Since the Legislature has not seen fit to reinstate the 1881 recording requirement, the observations of *Young* are as valid and subsisting today as they were when *Young* was decided in 1908. A money judgment entered by a federal district court becomes a lien on property in the county where the judgment is rendered from the date of entry, and from that date serves as constructive notice to

---

[6]Laws of 1893, ch. XLII, §§ 1–9, p. 65–67.

[7]Laws of 1893, ch. XLII, § 1.

purchasers that a judgment debtor's property is encumbered accordingly.[8]

Since the judgment lien statutes contain no separate recording requirement, we will not read one into them.[9] The Legislature has inserted recording requirements into other areas of the law; *e.g.*, a judgment against the owner of a homestead becomes a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment is recorded (RCW 6.13.090); notices of federal liens must be recorded (RCW 60.68; Laws of 1988, ch. 73, § 2); final judgments or decrees partitioning or affecting title or possession of real property must be recorded (RCW 65.04.070). Moreover, the recording act states that while a conveyance of real property is effective between the immediate parties without being recorded, it must be recorded to be effective against subsequent bona fide purchasers.[10] The purchasers rely heavily on cases that rest on some of these statutes to support their claim that a money judgment must also be recorded.[11] These cases are not applicable here, however, since none concern a lien created by a money judgment that is governed by RCW 4.56-.190–.200.

The purchasers further argue that no such distinction should be made because a lien created by a money judgment is a conveyance and, as such, must be recorded to be effective against a subsequent purchaser. "Conveyance" is defined by statute in Washington as follows:

---

[8]*See* 2 R. Patton, *Titles* § 654, at 586 n.30 (1957).

[9]*In re Estate of Baker*, 49 Wn.2d 609, 611, 304 P.2d 1051 (1956); *Coughlin v. Seattle*, 18 Wn. App. 285, 289, 567 P.2d 262 (1977).

[10]RCW 65.08.070; *see also Bremerton Creamery & Produce Co. v. Elliott*, 184 Wash. 80, 87, 50 P.2d 48 (1935).

[11]*See Bremerton Creamery & Produce Co. v. Elliott, supra; Choukas v. Carras*, 195 Wash. 659, 81 P.2d 841 (1938); *Murphy v. Seattle*, 32 Wn. App. 386, 647 P.2d 540 (1982); *Kshensky v. Pioneer Nat'l Title Ins. Co.*, 22 Wn. App. 817, 592 P.2d 667 (1979).

The term "conveyance" includes every written instrument by which any estate or interest in real property is created, transferred, mortgaged or assigned or by which the title to any real property may be affected including an instrument in execution of a power, although the power be one of revocation only, and an instrument releasing in whole or in part, postponing or subordinating a mortgage or other lien; except a will, a lease for a term of not exceeding two years, and an instrument granting a power to convey real property as the agent or attorney for the owner of the property. "To convey" is to execute a "conveyance" as defined in this subdivision.

RCW 65.08.060(3).

██ While this definition is broad, we conclude that it does not encompass a lien created by a money judgment. We cited the following description of a judgment lien in *Mahalko v. Arctic Trading Co.*, 99 Wn.2d 30, 35, 659 P.2d 502, 41 A.L.R.4th 280 (1983) (citing *Onyx Ref. Co. v. Evans Prod. Corp.*, 182 F. Supp. 253, 256 (N.D. Tex. 1959)), *overruled on other grounds in Felton v. Citizens Fed. Sav. & Loan Ass'n*, 101 Wn.2d 416, 679 P.2d 958 (1984):

A judgment lien does not create any right of property or interest in the lands upon which it is a lien. It gives the right to foreclosure, either by execution or independent suit, which, when done, will relate back so as to exclude adverse interests subsequent to the fixing of the lien.

(Italics omitted.) *See also* 5 H. Tiffany, *Real Property* § 1581, at 705 (3d ed. 1939). An earlier Washington case agrees with this description by stating that a lien confers no general right of property or title upon the holder.[12] Thus, we do not perceive that a judgment lien can reasonably be considered to be a conveyance of real property, which commonly denotes a transfer of an estate or title.[13] Moreover, conveyances must be by deed, and deeds, in turn, must be

---

[12]*Swanson v. Graham*, 27 Wn.2d 590, 597, 179 P.2d 288 (1947).

[13]*Terry v. Born*, 24 Wn. App. 652, 654, 604 P.2d 504 (1979).

in writing, signed by the party bound, and acknowledged.[14] Such requirements simply do not apply to a judgment lien.

The purchasers' final argument is that the judgment lien does not apply to them since RCW 4.56.190 states that only the land of the *judgment debtor* shall be held to satisfy a judgment. They argue, in effect, that the judgment debtor's sale of her property to them extinguished the judgment lien. This is not the case. A judgment debtor cannot destroy a lien by assigning or quitclaiming his or her interest in real property to a third party after entry of a judgment.[15] This court has also stated that judgments are liens upon the interest of a real estate contract *purchaser* within the meaning of RCW 4.56.190 and .200.[16]

Thus, the judgment lien herein survived the transfer of the Property from the judgment debtor to the purchasers. While a judgment creditor *may* record a judgment with the county auditor, recording is not prerequisite to an effective judgment lien. A money judgment entered by a federal district court becomes a lien on the judgment debtor's property upon entry if the property is in the same county, and upon filing an abstract with the county clerk if the property is in another county. Once a money judgment becomes a lien pursuant to either procedure, it is constructive notice to anyone who purchases a judgment debtor's property.

Thus, we answer the first certified question in the affirmative. A judgment creditor can enforce a judgment lien against real property purchased from the judgment debtor even though the judgment was not recorded with the county auditor at the time of sale.

ISSUE TWO.

CONCLUSION. A purchaser's homestead cannot be sold to satisfy a judgment lien which does not qualify as one of the

---

[14]*See* RCW 64.04.010–.020.

[15]*Heath v. Dodson,* 7 Wn.2d 667, 673, 110 P.2d 845 (1941); *Konnerup v. Milspaugh,* 70 Wash. 415, 420, 126 P. 939 (1912).

[16]*Cascade Sec. Bank v. Butler,* 88 Wn.2d 777, 780, 567 P.2d 631 (1977).

statutory exceptions to the homestead exemption listed in RCW 6.13.080.

The right to a protected homestead is derived from a mandate of the Constitution of the State of Washington. Const. art. 19, § 1 reads:

> Exemptions—Homesteads, etc. The legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families.[17]

The Washington homestead act which exempts homesteads from execution, RCW 6.13.070,[18] currently provides:

> Homestead exempt from execution, when—Presumed valid. (1) Except as provided in RCW 6.13.080, the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030. The proceeds of the voluntary sale of the homestead in good faith for the purpose of acquiring a new homestead, and proceeds from insurance covering destruction of homestead property held for use in restoring or replacing the homestead property, up to the amount specified in RCW 6.13.030, shall likewise be exempt for one year from receipt, and also such new homestead acquired with such proceeds.
>
> (2) Every homestead created under this chapter is presumed to be valid to the extent of all the property claimed exempt, until the validity thereof is contested in a court of general jurisdiction in the county or district in which the homestead is situated.[19]

The persistent theme of our homestead case law is that "[h]omestead statutes are enacted as a matter of public

---

[17]See Mahalko, at 33.

[18]RCW Title 6.12 has been recodified by the Laws of 1987, ch. 442 as chapter 6.13; RCW 6.13.070 was formerly codified as RCW 6.12.090.

[19]At the present time, the homestead exemption is limited to the lesser of the total net value of lands, mobile home and improvements or $30,000. RCW 6.13-.030.

policy in the interest of humanity and thus are favored in the law and are accorded a liberal construction."[20]

The Legislature substantially rewrote the homestead act in 1981. The major purpose of this effort was to make the homestead classification automatic once the property is occupied as a permanent residence. Prior to 1981, a property owner had to declare a homestead before receiving the statute's protection.[21]

■ Pursuant to RCW 6.13.070, the homestead is exempt from attachment and from execution or forced sale. As an exception to this general rule against execution against homesteads, RCW 6.13.080[22] provides that a homestead is subject to execution and satisfaction for certain types of judgments, namely judgments obtained: (1) on debts secured by mechanic's, laborer's, materialmen's or vendor's liens against the property; (2) on debts secured by purchase money security agreements or mortgages or deeds of trust on the property; (3) on certain debts existing at the time of bankruptcy; (4) on debts arising from an order establishing child support or spousal maintenance; and (5) on debts secured by a condominium's or homeowner association's lien. None of the exceptions specified in RCW 6.13.080 apply to this case. Washington also has a nonstatutory exemption to homestead protection for certain equitable liens.[23] The nonstatutory exemption allows an equitable

---

[20]*Macumber v. Shafer,* 96 Wn.2d 568, 570, 637 P.2d 645 (1981); *see also First Nat'l Bank v. Tiffany,* 40 Wn.2d 193, 202, 242 P.2d 169 (1952) (homestead statutes do not protect the rights of creditors; rather they are in derogation of such rights).

[21]3 Washington State Bar Ass'n, *Real Property Deskbook* § 68.2, at 68–2 (2d ed. 1986).

[22]RCW 6.13.080 was formerly codified as RCW 6.12.100.

[23]*Webster v. Rodrick,* 64 Wn.2d 814, 818, 394 P.2d 689 (1964); *Pinebrook Homeowners Ass'n v. Owen,* 48 Wn. App. 424, 430, 739 P.2d 110, *review denied,* 109 Wn.2d 1009 (1987).

lien to be imposed against a homestead when the homestead claimant acquires the funds to purchase the homestead by fraud or theft.[24] No showing has been made in the case before us that the purchasers acquired their homestead through fraud or theft.

Nevertheless, the judgment creditor asserts that the Property is subject to its judgment lien because the Property was nonhomestead upon transfer to the purchasers. As support, the judgment creditor cites *Pratt v. McInroe,* 155 Wash. 239, 283 P. 1089 (1930) as controlling. In *Pratt,* this court considered the enforceability of a lien against nonhomestead property after the property was conveyed to a third party who filed a declaration of homestead. When the judgment creditor sought to execute its judgment, the purchasers claimed that their homestead interest exempted the property from execution. The following language is cited:

> At the time the [purchasers] acquired the property in question, it was subject to the lien of the judgment against [judgment debtor]. It cannot be that they, by subsequently filing a declaration of homestead, could defeat a lien upon the property which existed at the time they acquired title. We know of no case holding that one, not a judgment debtor, and who takes the property subject to the lien of a judgment or mortgage, can subsequently file a declaration of homestead and defeat such lien.

*Pratt,* at 243.

Washington cases have held that if a judgment debtor filed a declaration of homestead subsequent to entry of a judgment but before execution, the homesteaded property would be exempt from execution or forced sale.[25] We perceive no persuasive reason why a purchaser may not buy a debtor's property to use as his or her homestead and similarly defeat a preexisting judgment lien, keeping in mind

---

[24]*Webster,* at 818–19; *Pinebrook,* at 430.

[25]*Kenyon v. Erskine,* 69 Wash. 110, 111–12, 124 P. 392 (1912); *Snelling v. Butler,* 66 Wash. 165, 167, 119 P. 3 (1911).

that the need to file a declaration of homestead no longer exists in most cases.[26] Indeed, in a recent Court of Appeals case, a purchaser bought a home with knowledge of a pre-existing lien.[27] When she refused to pay certain assessments, the court held that the lien could not be executed against her home because, at that time, the lien did not fall within the statutory exceptions listed in RCW 6.13.080.[28] The fact that she bought the property with knowledge of the lien did not alter the need for the lien to fall within the statutory exceptions to be enforceable against her homestead.

Similarly, our holding in Issue One that the purchasers had constructive notice of the lien when they bought their home does not affect the statutory requirements contained in the homestead act. None of the statutory exceptions to the general homestead exemption under RCW 6.13.080 apply to the facts of this case, nor is there any evidence in the record to support the imposition of an equitable lien. In so concluding, we underscore that our holding herein does not adversely affect the validity of the statutory exceptions; specifically, purchasers of property cannot defeat prior statutory exception liens by asserting a homestead claim. Thus, we also answer the second question presented to us

---

[26]See *Lien v. Hoffman*, 49 Wn.2d 642, 645, 306 P.2d 240 (1957); *Damascus Milk Co. v. Morriss*, 1 Wn. App. 501, 504, 463 P.2d 212 (1969). Nor does the phrase "debts of the owner" in RCW 6.13.070(1) require a different result. That phrase can easily refer to the owner at the time the writ of execution issues or when the execution sale is held as it can to the owner at the time the judgment is entered, therefore, it is ambiguous. "Homestead and exemption statutes are favored in the law and should be liberally construed. 'They do not protect the rights of creditors. In fact, they are in derogation of such rights.'" *Lien*, at 649. Accordingly, we conclude that the phrase in question is broad enough to include the debts of the owner at the time the judgment was entered. If the Legislature did not intend this result, then it is incumbent upon that body to clarify it.

[27]*Pinebrook*, at 426.

[28]*Pinebrook*, at 425. The Legislature did not include condominiums' or homeowner associations' liens as exceptions to the homestead exemption until the 1988 legislative session. *See* Laws of 1988, ch. 192, § 1, p. 855.

232

by the United States District Court in the affirmative. To the extent covered by Washington's homestead statutes,[29] the purchasers' property is exempt from execution because none of the statutory exceptions to the homestead exemption apply.

PEARSON, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, CALLOW, GOODLOE, and DURHAM, JJ., concur.

After modification, further reconsideration denied January 12, 1989.