[No. 18211-4-II. Division Two. July 26, 1996.]

PUMILITE TUALATIN, INC., *Respondent*, v. CROMB LEASING, INC., ET AL., *Appellants*.

*John P. Salisbury* and *Grove & Salisbury*, for appellants.
*Roger J. Sharp*, for respondent.

ARMSTRONG, J. — Pumilite got a judgment against James Lord; thus, a statutory lien attached to Lord's real property. He later sold the property under a real estate contract. Pumilite then executed upon Lord's interest in the contract. Under the lien statute, the real estate to

which a lien attaches does not include a seller's interest in a real estate contract. The question before us is: In enacting this provision of the lien statute, did the legislature intend to defeat an existing lien when the judgment debtor sells the property and retains only a seller's interest? We hold that the sale does not defeat the lien, and we affirm the execution sale.

## FACTS

In 1992, Pumilite obtained a default judgment in Oregon against Cromb Leasing, Inc. and James Lord, a Washington resident. Pumilite filed the judgment in Clark County, thus obtaining a lien on all Lord's nonexempt real property. In 1993, Lord sold real property he owned in Clark County under a real estate contract. Shortly thereafter, Lord died.

Pumilite then obtained a writ of execution against Elizabeth Love, the personal representative of Lord's estate. The writ directed the Clark County sheriff to execute upon Lord's interest in the real estate contract. Love moved to quash the writ of execution. In the alternative, she asked the court to declare that any sale of Lord's interest in the real estate contract would be subject to a right of redemption. The trial court denied Love's motion, and she appeals.

## DISCUSSION

RCW 4.56.190 provides that a lien attaches to all nonexempt real estate of any judgment debtor. In 1983, the Legislature added the sentence at issue here: "As used in this chapter, real estate shall not include the vendor's interest under a real estate contract for judgments rendered after [August 23, 1983]." LAWS OF 1983, 1st Ex. Sess., ch. 45, § 5.

Love argues that this sentence means Pumilite's lien no longer remained attached after Lord sold the property.

Under the probate code, a deceased person's judgment creditor cannot execute on the judgment unless a lien has attached to the deceased's property. If no lien has attached, the creditor must present its claim to the estate. RCW 11.40.130. Thus, Love contends, because the lien no longer attached, Pumilite was limited to presenting its judgment as a creditor's claim against Lord's estate.

Pumilite argues that its lien attached to all of Lord's interest in the real estate before the sale. It points out that a judgment debtor cannot destroy a lien by transferring his or her interest in the real property. *Fed. Intermediate Credit Bank of Spokane v. O/S Sablefish*, 111 Wn.2d 219, 227, 758 P.2d 494 (1988). Thus, according to Pumilite, the lien followed Lord's interest as seller.

The task before us is to determine the meaning of RCW 4.56.190. Nothing in the statute indicates whether it applies only when property is sold and a judgment is later obtained against the seller, or whether it also applies when a lien had attached and the property is later sold. The latter situation occurred here.

 A statute's intent must be determined primarily from the language itself. *State Dep't of Transp. v. State Employees Ins. Board*, 97 Wn.2d 454, 458, 645 P.2d 1076 (1982). But where the intent is not clear, we may resort to statutory construction, ascertaining and giving effect to the Legislature's intent. *Shoreline Comm. College Dist. v. Employment Sec. Dep't*, 120 Wn.2d 394, 405, 842 P.2d 938 (1992); *State Dep't of Transp.*, 97 Wn.2d at 458. "Such statutory construction may involve a consideration of the legislative history . . . ." *State Dep't of Transp.*, 97 Wn.2d at 458. The legislative history of the amendment to RCW 4.56.190 shows that it is aimed at solving the problem that occurs when real estate is sold under a contract, and then a judgment lien is entered against the seller. *See* FINAL LEGISLATIVE BILL REPORT, HB 428, enacted as LAWS OF 1983, 1st Ex. Sess., ch. 45, § 5.

This problem is illustrated by *Heath v. Dodson*, 7 Wn.2d 667, 110 P.2d 845 (1941). In *Heath*, the Denmans sold real

property under a contract to Garner Vaughn, with payments due annually. Almost two years later, Thomas Dodson recovered a judgment against the Denmans. Later, the Denmans assigned their interest in the contract to their daughter, Edith Heath. Although the Vaughns apparently knew about the judgment, they continued making payments first to the Denmans, then to their daughter. *Heath*, 7 Wn.2d at 668-69. Dodson levied on the property, which was sold at a sheriff's sale; Heath sought to quiet title in her. *Heath*, 7 Wn.2d at 670. The court held that Dodson's judgment was a lien on the legal title remaining in the Denmans and bound the land to the extent of the unpaid purchase price. *Heath*, 7 Wn.2d at 673.

The difficulty with this rule is that a purchaser has no way of knowing about a lien that attaches after the purchaser enters into a contract to buy the property. Thus, the purchaser may continue to make payments to the seller, only to discover upon completing the purchase that a cloud is on the property's title. The amendment to RCW 4.56.190 provides that a lien may not *attach* to a vendor's interest in a real estate contract, implicitly overruling *Heath.*

█ The problem illustrated by *Heath* does not exist here. Pumilite's judgment lien attached to the property before it was sold. Because the lien existed at the time of sale, the buyer had as much opportunity to discover Pumilite's lien as any other lien on the property. Thus, we hold that the 1983 amendment to RCW 4.56.190 was not intended to detach a lien that attached before a sale. Once it attached, the lien followed Lord's interest in the property, and Pumilite acted properly in executing on its judgment under RCW 11.40.130. To hold otherwise would allow a judgment debtor to defeat a lien by selling the encumbered property. *See Fed. Intermediate Credit*, 111 Wn.2d at 227.

█ Love next argues that the property interest sold by the sheriff was a real property interest. Therefore, the

trial judge should have given the estate the right to redeem the property under RCW 6.21.080. This argument is without merit. That statute specifically states that sale of a vendor's interest in real property is not subject to redemption.

Moreover, the policies behind the statutory right of redemption do not apply here. Redemption statutes "are benevolent and remedial in character, having as their main object the prevention of the oppression of a debtor and the sacrifice of his property." F.C. Hackman, *Statutory Redemption Rights*, 3 WASH. L. REV. 177, 177 (1925). In contrast, the right to receive payments under a real estate contract is simply an intangible personal property right. *In re Freeborn*, 94 Wn.2d 336, 340, 617 P.2d 424 (1980); *In re Plasterer's Estate*, 49 Wn.2d 339, 341, 301 P.2d 539 (1956). Unlike sale of a debtor's home, sale of one's interest in a contract does not raise the potential for undue oppression or sacrifice.

For these reasons, the trial court did not err in refusing to quash the writ of execution.

■ The trial court awarded Pumilite attorney fees, and the company seeks fees on appeal under RAP 18.1. The written guaranty that Lord signed provided the basis for the award of fees, and Pumilite is therefore also entitled to attorney fees on appeal, upon compliance with RAP 18.1. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993), *review denied*, 123 Wn.2d 1025 (1994).

Affirmed.

BRIDGEWATER and TURNER, JJ., concur.